NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1989
_____

ARIEL RAMIREZ-AGUILAR,
AKA Ariel Aguilar, AKA Ariel Ramirez-Vasquez,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(BIA-1: A206-704-560)
Immigration Judge:  Steven A. Morley

_____

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2021

Before: SMITH, Chief Judge, McKEE and AMBRO, Circuit Judges

(Opinion filed: April 21, 2021)

AMBRO, Circuit Judge

Ariel Ramirez-Aguilar, a native and citizen of Guatemala, entered the United States in 2002, leaving behind his pregnant wife. On his first entry, border patrol agents spotted and removed him, but he re-entered the country without inspection less than 24 hours later. Since then, he has worked as a farm laborer supporting his new family in the United States—an undocumented Mexican national partner, Aurelia, and their now-six-year-old son, E.R.A., who has a history of health problems.

Following Ramirez-Aguilar's arrest and conviction for a DUI offense in 2014, the Government began removal proceedings against him. Ramirez-Aguilar conceded he was removable but sought cancellation of removal under 8 U.S.C. § 1229b(b)(1). The immigration judge ("IJ") determined that although Ramirez-Aguilar was credible and satisfied the other criteria for cancellation (*i.e.*, continuous physical presence, good moral character, and no disqualifying convictions), he failed to establish "that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1)(D). The IJ denied the application for cancellation of removal and the BIA affirmed. Ramirez-Aguilar timely petitioned us for review.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

We dismiss the petition for lack of jurisdiction. Ramirez-Aguilar primarily argues that the BIA erred in its hardship determination by failing to conclude that E.R.A.'s serious health problems were exceptional and extremely unusual hardship, as well as ignoring Aurelia's inability to care for E.R.A. adequately. But the BIA considered all these arguments in affirming the IJ's hardship determination, A.R. 3–4, and we do not have jurisdiction to review its discretionary judgment on this issue. *See Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003) ("The decision whether an alien meets the hardship requirement in 8 U.S.C. § 1229b is . . . a discretionary judgment [, and] we lack jurisdiction to review [it]."). Although Ramirez-Aguilar frames his challenge as constitutional due process violations, what we have is a "disagreement about weighing hardship factors [, which] is a discretionary judgment call, not a legal question." *Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 248–49 (3d Cir. 2020).

\* \* \* \* \*

While we appreciate that Ramirez-Aguilar's removal may have harsh and life-changing consequences for his family, we lack jurisdiction to review the BIA's discretionary determination that his removal does not create exceptional and extremely unusual hardship for his U.S. citizen son. We thus must dismiss his petition.

3